### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Carlen Linett Davis, | ) | |
| | ) | Case No. 2:17-cv-02357 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| Corporation Service Company | ) | |
| 2900 S.W. Wanamaker Dr., Suite 204 | ) | |
| Topeka, KS 66614 | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Carlen Linett Davis, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in her Complaint for Damages states and alleges to the Court as follows:

### INTRODUCTION

This is an action for damages brought by individual consumer Carlen Linett Davis against Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

### JURISDICTION AND VENUE

1.      Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2.      Venue in this Court is proper in that Defendant transacts business in the state of Kansas and Kansas is where the injuries occurred.

## PARTIES AND SERVICE

3.      Carlen Linett Davis (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Kansas.

4.      Defendant Equifax Information Services, LLC, hereafter ("**Defendant**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Corporation Service Company, at 2900 S.W. Wanamaker Dr., Suite 204, Topeka, KS 66614.

## FACTUAL ALLEGATIONS COMMON TO  ALL COUNTS

5.      On October 29, 2016, Plaintiff filed a Chapter 7 Bankruptcy in the District of Kansas, Case No. 16-22057-dls.

6.      The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on October 20, 2016, showing Santander Consumer USA ("Santander") was sent notice of Plaintiff's bankruptcy.

7.      The BNC Certificate of Mailing of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

8.      Plaintiff had an unsecured debt with Santander to be discharged through Plaintiff's Chapter 7 case.

9.      The pertinent page of Plaintiff's Schedule F is attached as Exhibit B.

10.     Plaintiff received her discharge on January 23, 2017.

11.     The Notice of Discharge of Debtor was entered on January 26, 2017, showing Santander was sent notice of Plaintiff's discharge.

12.     The BNC Certificate of Mailing of the Notice of Discharge of Debtor is attached as Exhibit C.

13.     On or about March 7, 2017, Plaintiff requested and reviewed her credit reports from Defendant and Experian and Trans Union.

14.     Plaintiff became aware that Santander was misreporting information on her Equifax credit report.

15.     Santander was reporting incorrectly that the debt was charged off with a charge off balance of $5,005.

16.     The pertinent pages of Plaintiff's incorrect Equifax credit report are attached as Exhibit D.

17.     However, Plaintiff discharged the debt owed to Santander in her Chapter 7 case.

18.     On October 12, 2016, Plaintiff sent letters with her bankruptcy information to Defendant disputing Santander's incorrect reporting in accordance with 15 U.S.C. § 1681i.

19.     A copy of Plaintiff's dispute letter is attached as Exhibit E.

20.     Defendant failed to send a Consumer Dispute Verification to Santander as required by 15 U.S.C. § 1681i, and failed to internally correct the reporting.

21.     The incorrect Equifax credit report is attached as Exhibit F.

22.     Defendants' failure to conduct a reasonable reinvestigation and notify Santander of Plaintiff's dispute was a substantial factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

23.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

### COUNT I
### EQUIFAX
### VIOLATIONS OF THE FCRA

24.     Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

25.      Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

26.     Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

27.     The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

28.     Pursuant to 15 U.S.C. §1681n and §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to Santander, in violation of 15 U.S.C. §1681i(a);

   c. Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding the disputes of the inaccurate information to Santander, in violation of 15 U.S.C. §1681i(a);

   d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the

        inaccurate information, in violation of 15 U.S.C. §1681i(a);

e.   Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiffs; and

f.   Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information and files, in violation of 15 U.S.C. §1681e(b).

29.    Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant in such sum as will deter Equifax Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

<strong><u>PRAYER FOR RELIEF</u></strong>

WHEREFORE, Plaintiff Carlen Linett Davis respectfully requests this Court award the following:

a.    Actual Damages;

b.    Statutory Damages for each violation of the FCRA;

c.    Punitive Damages;

d.    Costs and reasonable attorney's fees pursuant to the FCRA;

e.      Correction of the Santander account on Plaintiff's Equifax credit report; and

f.      For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.


Respectfully submitted,

/s/ Chelsea S. Springer
Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO  64106
Phone: (816) 842-1317
Fax:    (816) 842-0315
chelseas@tlrlaw.com
Attorney for Plaintiff